UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN M. COOLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-840** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: T** |

# ORDER

Before the Court is Bryan Cooley's *Motion for Reconsideration*.[1] The Social Security Administration filed a response and opposed Mr. Cooley's original objections.[2] For the following reasons, the motion is **DENIED**.

# BACKGROUND

Earlier this year, this Court overruled Bryan Cooley's objections and adopted the Magistrate Judge's Report and Recommendations.[3] This Court reasoned that, per federal case law, Mr. Cooley failed to "allege an inability" to perform his work and "specify a nexus" between his alleged mental limitations and an inability to work.[4] Now, Mr. Cooley asks this Court to reconsider its decision. Generally, Mr. Cooley contends the Magistrate Judge's report, and consequently this Court's decision, was "unequivocally wrong" for two reasons.[5] First, by holding that an analysis

---

[1] R. Doc. 26.
[2] R. Docs. 23, 29.
[3] R. Docs. 19, 24.
[4] R. Doc. 24 at 2.
[5] R. Doc. 26-1 at 1-2.

of the composite job issue was "unnecessary," the Magistrate Judge's report was "legally incorrect" and requires correction.[6] Second, Mr. Cooley maintains that, by filing an application for disability, he necessarily "alleged an inability" to work.[7]

The Commissioner of the Social Security Administration filed a short response and addressed Mr. Cooley's arguments in her original opposition to his objections.[8] The Commissioner contends that, while Mr. Cooley's legal analysis holds merit, he overlooks the fact that "the ALJ never found that [Mr. Cooley's] warehouse manager job was a composite job."[9] Additionally, the Commissioner maintains that Mr. Cooley's contentions, contrary to the applicable legal requirements, "are repeats of those arguments raised in [his] Motion for Summary Judgment."[10]

## **LAW & ANALYSIS**

Under Federal Rule of Civil Procedure 59, a party may "call[] into question the correctness of a judgment" or order, and ask a court to reconsider it.[11] Ultimately, such motions "serve[] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[12] However, reconsideration of an order is a "extraordinary remedy," and it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been

---

[6] *Id.* at 2.
[7] *Id.*
[8] R. Doc. 23.
[9] *Id.* at 2.
[10] R. Doc. 28-2 at 1.
[11] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[12] *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989).

offered or raised before."[13] Importantly, district courts have wide discretion in granting or denying motions for reconsideration.[14]

Here, Mr. Cooley fails to point this Court to some mistake of fact or law, or new evidence.[15] Mr. Cooley contends it "is beyond any dispute whatsoever that if a composite job is present here then" the Administrative Law Judge's ("ALJ") findings are flawed.[16] However, his argument fails for two reasons. First, it is the same point Mr. Cooley raised in his objections to the Magistrate Judge's Report & Recommendation. In other words, he is simply "rehash[ing]…legal theories, or arguments" already known to this Court. Second, Mr. Cooley's argument is without merit. As noted in this Court's previous order, Mr. Cooley cannot "specify a nexus between his alleged [] limitations and his ability to work."[17]

> As noted by the Magistrate Judge, it is "unnecessary" to explore the nature of the Plaintiff's job because the "Plaintiff does not allege an inability" to perform his past duties as a warehouse manager. Ultimately, the Plaintiff "failed to specify a nexus between his alleged mental health limitations and his inability to work." Regardless, the ALJ "properly concluded that [the Plaintiff] can indeed perform light work" despite his unsupported "mental limitations" claims.[18]

That reasoning remains sound for two reasons. First, even if this Court erred in finding Mr. Cooley did not adequately claim a disability, the ALJ validly found that he can still perform his past relevant work.[19] Therefore, his claim for disability is defeated regardless of the grounds on

---

[13] *Id.* at 478-79.
[14] *Id.* at 479.
[15] R. Doc. 26-1.
[16] *Id.* at 1.
[17] R. Doc. 24 at 1.
[18] *Id.* at 1-2 (citations omitted).
[19] R. Doc. 19 at 2.

which this Court's decision rests on.[20] Second, the ALJ never found Mr. Cooley's claim involved a "composite job." Consequently, the various alleged legal missteps fall away, leaving only the fact that Mr. Cooley can still perform his past relevant work. Accordingly, the motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, this 18th day of August, 2022.

    _____
    Hon. Greg Gerard Guidry
    United States District Judge

---

[20] "In *Henderson v. Saul*, the claimant had varied job tasks that fell under multiple DOT codes, and there was no need to resolve whether her PRW was a 'composite job,' as the claimant could perform her past relevant work based on her recent performance of it and her failure to allege otherwise. *See* Civ. A. No. 20-2045, 2021 WL 3508495, at *5, 8 (E.D. La. July 13, 2021). As discussed below, Plaintiff has failed to specify a nexus between his alleged mental health limitations and his inability to work, and, moreover, his proffered explanations for leaving the workforce were inconsistent." *Id.* at 7.